UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ATALLAH GROUP US INC.,
                Plaintiff,

                      22 Civ. 7438 (LGS)
      -against-
                      **ORDER**

GMA ACCESSORIES INC.,
                Defendant.

------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, by Opinion and Order docketed on September 7, 2023 (the "Opinion"), the motion to dismiss filed by Defendant GMA Accessories Inc. ("GMA") was granted in part and denied in part.

      WHEREAS, on September 19, 2023, GMA timely moved for reconsideration of the portion of the Opinion denying GMA's motion to dismiss or, in the alternative, for permission to appeal pursuant to 28 U.S.C. § 1292(b).

      WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021).[1] "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*. A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits,

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *see also Suarez v. United States*, No. 17 Civ. 133, 2022 WL 1078436, at *2 (S.D.N.Y Apr. 11, 2022). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Suarez*, 2022 WL 1078436, at *2.

WHEREAS, the motion for reconsideration is denied because GMA does not identify any change of controlling law, the availability of new evidence or the need to correct a clear error or prevent injustice.

WHEREAS, the motion for reconsideration is also denied on the merits. GMA argues principally that the trademark settlement agreement GMA entered into with Charlotte Olympia Holdings, Ltd. ("Reinstatement Agreement") that reinstated two of GMA's registrations for the CHARLOTTE mark, Reg. Nos. 2,535,454 and 3,922,088, was proper because Judge Marrero signed an order ("Vacatur Order") vacating the June 15, 2017, Trademark Trial and Appeal Board ("TTAB") decision cancelling the marks as abandoned. The Court already considered this Vacatur Order, which did not affect the antitrust analysis of the Reinstatement Agreement as the vacatur was not based on the merits. Instead, the vacatur was based on a consent judgment that effectuated only a settlement agreement between GMA and Charlotte Olympia Holdings, Ltd. The Opinion expressly notes that the TTAB, "on consent and agreement between the parties," vacated its June 15, 2017, abandonment order.

WHEREAS, GMA also argues that GMA did not sue Charlotte Olympia Holdings, Ltd. on the registrations that the TTAB had deemed abandoned. However, the record in that case

supports the allegation that GMA sued Charlotte Olympia Holdings, Ltd. for the use of those marks.

WHEREAS, GMA's argument that the Complaint fails sufficiently to allege a common improper motive between the parties to the Reinstatement Agreement previously was considered and rejected. As the Opinion states, the Complaint sufficiently pleads both elements of a § 1 Sherman Act claim for the Reinstatement Agreement, as the Reinstatement Agreement is "undeniably" a contract between GMA and its competitor, *see 1-800 Contacts, Inc. v. Fed. Trade Comm'n*, 1 F.4th 102, 114 (2d Cir. 2021), and the Complaint sufficiently alleges this agreement had a direct anticompetitive effect on competition as a whole in the relevant market.

WHEREAS, GMA, in the alternative, seeks certification for an interlocutory appeal. A district judge may certify a non-final order for interlocutory appeal, if the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). GMA has raised no such controlling question of law. It is hereby

**ORDERED** that Defendant's motion for reconsideration or, in the alternative, certification for interlocutory appeal is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 33.

Dated: October 16, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE